IOWA AND DAKOTA TEL. CO. *v.* SCHAMBER, STATE TREASURER.

1.    Under Comp. Laws, § 4907, requiring a complaint to contain a plain and concise statement of the facts constituting a cause of action, allegations in a complaint by a telephone company to restrain the collection of a tax that the total value of its property for which it was liable for taxation was about a certain amount, that the amount sworn to in a statement returned to the auditor was the full assessable value of its property, that the assessment placed by the board on complainant's property was void because there was no meeting of the board as required by law, that no assessment was made at the time fixed by law, that the assessment was made when the board had no power to assess the property, and that the board did not sit as a board of equalization, involve conclusions of law, and cannot be considered in determining its sufficiency.

2.    A complaint by a telephone company in an action to restrain the collection of a state tax which fails to show what amount of taxes were levied, or what the rate of the levy was, is insufficient.

3.    Under Laws, 1897, Chap. 28, § 59, requiring telephone companies to furnish the auditor on July 1st a sworn statement showing certain required facts, and section 60, providing that, if the statement is not received by the first Monday of August, the auditor shall obtain the necessary facts, laying them before the board of assessment, where a telephone company fails to furnish a sworn statement, and an assessment is made by the board on the day following the first Monday

of August, it cannot complain of any irregularity as to the time of the assessment.

4. Where the state board of assessment, composed of the persons designated by Laws 1897, Chap. 28, § 43, is regularly convened by operation of law when a telephone company's property is assessed for taxation, the company cannot complain that the board was previously organized by persons who were not designated as members.

5. A telephone company failing to furnish the sworn statement to the auditor required by Laws 1897, Chap. 28, § 59, cannot claim that the equalization board could not increase the value of its property as given in the statement without notice;  for there being no sworn statement, the rules relating to boards of equalization where assessments are increased without notice are inapplicable.

6. Where a telephone company's property was assessed on August 2d, and it received notice on the 4th, the court will not presume, in the absence of evidence, that the board adjourned without affording the company an opportunity to be heard.

7. In a suit by a telephone company to restrain the collection of a state tax, an allegation that the assessment greatly exceeded the assessments in certain counties is insufficient to show that the assessment exceeded that of other property in the state.

8. Where plaintiff, on the sustaining of a demurrer to his complaint, fails to apply for an amendment, ne must be regarded as having elected to stand on his pleading.

(Opinion filed May 14, 1902.)

Appeal from circuit court, Union county. Hon. Joseph W. Jones, Judge.

Action by the Iowa and Dakota Telephone Company against John Schamber, state treasurer. From an order sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

*W. E. Gantt* and *E. W. Miller,* for appellant.

*John L. Pyle,* Attorney General, and *Alva E. Taylor,* Assistant Attorney General, for respondent.

HANEY, P. J.. This appeal is from an order sustaining a demurrer to the complaint on the ground that it does not state sufficient facts to constitute a cause of action. The complaint is as follows:

"The plaintiff complains of the defendant, and for cause of action alleges:

"(1). Plaintiff is a corporation duly incorporated under the laws of the state of South Dakota, and doing business in said state as a corporation.

"(2). That said corporation is engaged solely in the telephone business in said state, and, as such telephone company, is now, and was at the times hereinafter mentioned, operating a telephone line in the counties of Clay, Turner and Union, of said state; they operating in the county of Clay, in said state, about thirty-seven (37) miles; in the county of Union, of said state, at the present time, and were at the dates hereinafter mentioned operating, about thirty-eight (38) miles; in the county of Turner at the present date about twenty-seven (27) miles, and were at the date hereinafter mentioned, to-wit, in the year 1898, operating in said county of Turner about eighteen (18) miles; and that the aggregate number of miles in said counties in the year 1898 was about ninety-three (93) miles, and the total value of the lines and appurtenances belonging to said company in the year 1898, and for which the company is liable for taxation in the State of South Dakota for the year 1898, is about $1,875.

"(3). That the defendant is the State treasurer of South Dakota, duly elected, qualified, and acting as such, and, as such treasurer, he is authorized and required to collect the taxes assessed against telephone and other corporations, as one of the duties of his office as such treasurer.

"(4). That at the time required by law, in and for the year

1898, this plaintiff, by its secretary, furnished to the state auditor a statement, under oath, showing the number of miles operated or leased within the state, the number of miles in each separate line or division thereof, together with the number of separate wires thereon; stating the counties through which the same extended, and in which the company did business; the number of miles of telegraph or telephone instruments used in said county; the average number of poles per mile used in constructing the lines, and the value of the wires, poles, instruments and all other property owned by it in the state; also the number of offices maintained in the state, and the total gross and net receipts of all of said offices for the year ending April 30th, preceding said report. A copy of said sworn statement is attached to the complaint, marked 'Ex. A.,' and is hereby referred to, and made a part of the same.

"(5). That said statement, properly filled out and sworn to, was furnished to and received by the state auditor during the month of July, 1898, and previous to the first Monday of August in said year.

"(6). Plaintiff alleges that the state board of assessment and equalization, which is composed of the following named parties, to wit: governor, auditor, secretary of state, state treasurer, attorney general, superintendent of public instruction, and commissioner of school and public lands, and who, under the provisions of the law in effect, are required to meet on the 4th Monday of July of each year, for the year 1898 failed to meet for the purpose of assessing telegraph and telephone companies on the 25th day of July, 1898, but at said time the following named persons, pretending to compose said board, were present: J. L. Lockhart, commissioner of school and public lands; H. E. Mayhew, state auditor; K. G. Phillips, state treasurer, by W. A. Burrington, deputy; W. H. Roddle,

secretary of state, by Philip Lawrence, assistant; Frank Crane, superintendent of public instruction, by M. A. Lange, deputy; **and** said pretended board organized by electing J. L. Lockhart president *pro tem.*, and, without further proceedings, adjourned to meet on August 1, 1898; that at said meeting only the commissioner of school and public lands and the state auditor were present; that at the meeting held August 1, 1898, there were present the governor, secretary of state, commissioner of school and public lands, superintendent of public instruction, state auditor; the attorney general not being present, but represented by his assistant; and at which meeting the governor was elected chairman, after which the board' adjourned to August 2, 1898, at 10 o'clock a. m., at which meeting were present all of the state officers composing the' board, except the attorney general, who was represented by assistant. And at this meeting the following, among other, business was transacted: 'Moved by Lockhart, and seconded by Mayhew, that the Iowa and Dakota Telephone Company be assessed $75 per mile on its lines in the state, to be apportioned according to the number of miles in each county,'—which motion prevailed, all members voting 'Yes;' and a gross assessment amounting to $6,975, was made against plaintiff at this meeting for the purpose of taxation of plaintiff's property for the year 1898.

"(7). Plaintiff alleges that the above and foregoing is a full and complete statement of all the proceedings taken or had by the state board of assessment and equalization, and pertaining to the assessment and equalization thereof of the property of the plaintiff for the purpose of taxation for the year 1898.

"(8). Plaintiff alleges that it never had any notice of any proceedings had or taken by said state board of equalization or assessment, or of the raising of the amount of the value fixed in the sworn

statement furnished by it; that the assessment of plaintiff's property was arbitrarily raised from the amount of $1,875, fixed in the sworn statement as the value of said property, to the sum of $6,975, without any notice whotsoever to the plaintiff, or to any one representing it.

"(9). That afterwards, and after said proceedings were had, and on the 4th day of August, 1898, there was written to W. A. Houts, secretary of plaintiff, a letter or notice which is in words and figures following, to-wit: 'Auditor's Office, State of South Dakota. H. E. Mayhew, Auditor; E. F. Swartz, Deputy. Pierre, August 4, 1898. W. A. Houts, Secr'y, Parker, S. D.—Dear Sir: The state board of assessment and equalization has fixed the valuation of the Iowa and Dakota Telephone Co. for the year 1898 at $6,975. H. E. Mayhew, Auditor.'

'(10). Plaintiff alleges that the amount of $6,975 so arbitrarily fixed as the assessed value of plaintiff's property for taxable purposes for the year 1898 is excessive, and far beyond assessable value of the property so assessed; that the amount sworn to in the statement returned in compliance with the law to the state auditor for the year 1898 was the full assessed value of plaintiff's property in said state, and that the sum of $5,100 so added to the amount given in said statement is excessive and illegal, and the same is greatly in excess of the values placed upon other property situate in the counties of turner, Clay and Union, where plaintiff's property is situate; that lands in Clay county for said year is assessed at about 33½ per cent of its actual value, in Turner county real property is assessed at about the same rate, and in Union county real estate is assessed at about 37 per cent of its real value; that this is more fully shown by certain lists of the actual value of lands in said counties, together with the assessments made upon said lands, described in said sched-

ules for the year 1898, copies of which are here attached, marked 'Ex. B,' and made a part of this complaint.

"(11).  Plaintiff alleges that the taxes on the sum of $5,100, being the amount of the assessment placed by said state board upon plaintiff's property over and above the amount returned in plaintiff's statement to the auditor of the state, is absolutely void, for the following reasons, to-wit:  First, For the reason that there was no meeting of said board of assessment and equalization the fourth Monday of July, as required by law;  that the so-called board on said date was illegal, not being composed of the officers designated by law for such board;  and that the persons composing said board had no authority to act as such, and all of the proceedings had by them are absolutely void and of no effect.  Second.  That no assessment of the property of the plaintiff was made at the time fixed by law, and no meeting of said board was had at that time;  that said assessment was raised arbitrarily, without notice, and without authority, and is not binding on this plaintiff.  Third.  For the reason that the amount or value of the property returned in the statement made to the auditor is the full value of the property of this plaintiff, situate in said counties, and is more, in proportion upon which to base an assessment, than is the value at which other properties in said counties are assessed.  Fourth.  For the further reason that the assessment of said property was made on the 2d day of August, 1898, at which time and date said board had no power or authority to assess property;  that time having expired previous to said date, and no assessment for plaintiff's property having been made at the time fixed by law.  Fifth.  For the further reason that the board of equalization did not at any time—either at time fixed by law or afterwards—sit as such board, and equalize the assessment made of the telephone property in the state of South Dakota.

Sixth.   For the reason that said board of equalization did not, after raising the valuation as aforesaid, give any notice of said raise to the plaintiff, or to any of its officers, or to any person acting for it, as provided in section 51 of the revenue laws of 1897.

"(12).   Plaintiff states that the amount of taxes due from it to the State of South Dakota in the different divisions in the said state is the sum of $65; being the amount based upon the value of the said property as shown by the statement made to the auditor as aforesaid, and being all of the tax which plaintiff lawfully and legally owes for the year 1898.

"(13).   Plaintiff states that on the 16th day of August, 1899, it duly tendered to defendant, as treasurer of the state of South Dakota, and the person legally authorized to receive the same, $65, being the total amount lawfully due of the tax of the year 1898 on said property; but defendant refused; and still refuses, to receive said sum without payment of the amounts illegally charged.   Plaintiff has been at all times since, and still is, ready and willing, and now offers, to pay said amount lawfully due.   That defendant intends and threatens to enforce the collection of the amount unlawfully demanded as aforesaid, as well as the amount lawfully due, and to impose penalties against plaintiff upon the amount lawfully due, and to sell said property at tax sale, or otherwise to distrain plaintiff's property therefor, to the great and irreparable injury of plaintiff.   Wherefore plaintiff prays that defendant be enjoined from demanding and collecting from it on said property a greater sum than $65, lawfully due, and from any penalty thereto, and from demanding and collecting said amounts claimed to be due on the additional assessments made on said property for the year 1898, and for such other relief as is just and equitable."

In this jurisdiction the complaint should contain "a plain and

concise statement of the facts constituting a cause of action, without unnecessary repetition." Comp. Laws, § 4907. Alleged facts only are admitted by a demurrer; hence the first step in determining whether the foregoing complaint states a cause of action will be to ascertain what allegations of fact it contains. The allegation in the second paragraph that "the total value of the lines and appurtenances belonging to said company in the year 1898, and for which the company is liable for taxation in the state of South Dakota · for the year 1898, is about $1,875," clearly involves a conclusion of law. As Exhibit A, referred to in the fourth paragraph, shows upon it face that the statement furnished by plaintiff's secretary was not under oath, paragraphs 4 and 5 are immaterial. The allegations in paragraph 8 are contradicted by the allegations in paragraph 9. The allegation in paragraph 10 "that the amount sworn to in the statement returned in compliance with law to the state auditor for the year 1898 was the full assessable value of plaintiff's property in said state" cannot be considered, because it is merely a conclusion of law, and the pleading itself shows that there was no sworn statement returned. Paragraph 11, with its six subdivisions, might make a good brief, if based upon the facts therein assumed; but it contains no allegations of fact, and cannot be regarded as a part of the complaint. A careful examination will show that the only properly pleaded facts appearing upon the face of the complaint are as follows: When the action was ·commenced, defendant was state treasurer, and plaintiff was a corporation created by and existing under the laws of this state, engaged solely in operating telephone lines in the counties of Clay, Turner and Union. The commissioner of school and public lands, auditor, deputy treasurer, assistant secretary of state, and deputy superintendent of public instruction met as a board of assessment and equalization on the fourth Monday of

July, 1898, organized by electing the commissioner of school and public lands president *pro tempore,* and, without further proceedings, adjourned to meet on August 1, 1898.  On the latter date the governor, secretary of state, auditor, superintendent of public instruction, commissioner of school and public lands, and assistant attorney general met and organized as such board, and adjourned until the following day, when, the same officers and the treasurer being present, the plaintiff's property was assessed at $75 per mile, making an aggregate assessment on its property in the state of $6,975, in which action all the persons who were acting as members of the board concurred.  Notice in writing of this action was received by the plaintiff's secretary from the auditor on August 4, 1898.  This assessment was in excess of the values placed upon other property in the counties wherein plaintiff's property was situated;  real estate in Clay and Turner counties having been assessed at about 33 per cent of its actual value, and in Union county at about 37 per cent of its real value.  On August 16, 1898, plaintiff tendered the defendant $65, as the amount of its lawful taxes for that year, but defendant refused to receive that sum without payment of the entire amount charged against the plaintiff.  When the action was begun, the plaintiff was ready and willing to pay the amount conceded by it to be legal, and the defendant was threatening and intending to enforce collection of the amount claimed to be due by the state.  It nowhere appears from the complaint what amount of taxes was levied, or what the rate of levy was.  For aught that appears on the face of the pleading, the amount claimed by the state may have exceeded the amount tendered in only a nominal sum.  For this reason, if for no other, the demurrer was properly sustained.  It was the plaintiff's duty to furnish the auditor on the 1st day of July a statement, under oath, in the form prescribed by that officer, showing certain required

facts. Laws 1897, Chap. 28, § 59. Such statement not having been received by the first Monday of August, it was the auditor's duty to obtain the necessary facts and information by other means, and to lay the same before the board of assessment and equalization. Id. § 60. That board was expressly authorized to adjourn from day to day as deemed necessary to facilitate its labors. Id. § 44. As the plaintiff was given until the first Monday of August to furnish its sworn statement, its property could not have been assessed prior to that day. It was assessed on the day following. Certainly there was no irregularity in the action of the board with respect to the time when the assessment was made.

Chapter 28, Laws 1897, contains the following provisions:

"Sec. 25. All property shall be assessed at its true and full value in money. In determining the true and full value of real and personal property, the assessor shall not adopt a lower or different standard of value because the same is to serve as a basis of taxation, nor shall he adopt as a criterion of value, the price for which said property would sell at auction or at a forced sale, or in the aggregate with all the property in the town or district; but he shall value each article or description of property by itself and at such a sum or price as he believes the same to be fairly worth in money."

"Sec. 43. The governor, auditor, secretary of state, state treasurer, attorney general, superintendent of public instruction and commissioner of school and public lands of the state shall constitute the state board of assessment and equalization. Said board of equalization shall hold a session at the seat of government commencing on the first Monday of August of each year. A majority of the members of said board shall constitute a quorum and have authority to act."

"Sec. 61. It shall be the duty of the state board of assessment

and equalization on the fourth Monday of July, 1897, and each year thereafter to assess all the property of every telegraph and telephone company doing business in this state and used in the operation and maintenance of its business, and in so doing they shall assess the same as of the first day of May of said year and may also take into consideration all the facts, data and information contained in the statement made by said company and any and all matters necessary to enable them to make a just and equitable assessment of said property in the same ratio as the property of individuals."

The statute created but one board with power to assess, equalize, and levy taxes. If it was lawfully constituted when plaintiff's property was assessed, its membership on the fourth Monday of July is wholly immaterial for the reason that it was convened by operation of law on August 1st, and the validity of its subsequent proceedings did not depend upon the adjournment taken at the former meeting. A majority of the members of the board constituted a quorum, with authority to act. All the officers designated by the statute as members voted in favor of the assessment here involved except the attorney general. So far as the plaintiff's rights are affected, the board was lawfully constituted.

The contention that the board could not, without notice, increase the value of plaintiff's property above that given in the statement to the auditor, is untenable. As its statement was not under oath, plaintiff's position is the same as if no statement whatever had been furnished; and the rules of law relating to boards of equalization where assessments are increased without notice has no application. There was no assessment of plaintiff's property before the board acted on August 2d. Of that action it received actual notice on August 4th, and this court will not presume, in absence of a showing to that effect, that the board adjourned without affording plain-

tiff an opportunity to be·heard. The only·reasonable inference arising from the facts alleged in the complaint is that plaintiff's property was assessed by a lawfully constituted board at the time required by law, and that the plaintiff was afforded an opportunity to show that the assessment was excessive, if it desired so to do. And it does not appear upon the face of the complaint that the assessment was excessive. To what extent it.exceeded the assessment of real property in the counties of Clay, Union, and Turner, does not appear. The allegation that it "greatly" exceeded the assessments in these counties is meaningless. All property in the state should have been assessed at its true and full value in money. It was the duty of the board to assess the plaintiff's property in the same ratio as the property of individuals. Were it conceded that one whose property is assessed at less than its true and full value in money could complain because his assessment was relatively higher than other assessments in the state, no relief would be afforded the plaintiff in this case, for the reason that the complaint fails to show that its assessment exceeds that of other property in the state. The learned circuit court committed no error in sustaining the demurrer to the plaintiff's complaint.

It is contended that the order appealed from should have, in terms, allowed the plaintiff to amend. If plaintiff desired to amend, or to have the order provide for amendment, it should have applied to the court below either to amend, or to have the order modified. In the absence of any such application, this court is justified in regarding the plaintiff as having elected to stand upon its pleading. The order appealed from is affirmed.